IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2002

## STATE OF TENNESSEE v. NELSON EDWARD MEEKS

**Appeal from the Circuit Court for Marion County**
**No. 5439     Thomas W. Graham, Judge**

---

**No. M2001-03108-CCA-R3-CD - Filed October 15, 2002**

---

Nelson Edward Meeks[1] appeals the sentence imposed for three convictions for third offense driving under the influence, reckless driving, and driving on a revoked license. He claims that the lower court erred in (1) failing to consider the statutory sentencing principles and considerations, and (2) imposing a sentence not authorized by law. Because we disagree in both respects, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Philip A. Condra, Jasper, Tennessee, for the Appellant, Nelson Edward Meeks.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; James Michael Taylor, District Attorney General; and Sherry Gouger, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Following the defendant's jury trial and resultant convictions, the court held a separate sentencing hearing. The state presented evidence that the defendant had numerous, prior alcohol-related convictions, including at least six prior driving under the influence convictions and three public intoxication convictions. The court characterized the defendant's prior criminal history as "a terrible, terrible record" and stated that it was disinclined to "just ignore . . . one of the worse [sic] records I've ever seen of this kind of offense." The court imposed an eleven month, 29 day jail sentence for the DUI conviction and ordered that jail service would be reduced only by behavioral credits earned and retained. For the other two convictions, the court imposed six month sentences to be served in the county jail. All three sentences were to be served concurrently.

---

[1] The defendant was charged by presentment under the name Nelson Edward Meeks. He testified at trial that his given name is Nelson Eddie Meeks. In accordance with court policy, we use the name employed by the presentment.

Before this court, the defendant complains that the lower court failed to entertain the appropriate statutory principles and considerations and that the sentence ultimately imposed is not a lawful one in that it did not specify a percentage of service of the sentence against which sentence reduction credits could be applied.

In misdemeanor sentencing, the sentencing court is afforded considerable latitude. *See, e.g., State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999), *perm. app. denied* (Tenn. 2000). A separate sentencing hearing is not mandatory in misdemeanor cases, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. *See* Tenn. Code Ann. § 40-35-302(a) (Supp. 2001). Misdemeanor sentences must be specific and in accordance with the principles, purpose, and goals of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. §§ 40-35-104 (1997), 40-35-302 (Supp. 2001); *State v. Palmer*, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Generally, a percentage of not greater than 75 percent of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve 100 percent of his sentence. *Palmer*, 902 S.W.2d at 393-94. A convicted misdemeanant, unlike a convicted Class B, C, D, or E felon, has no presumption of entitlement to a minimum sentence. *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); *State v. Creasy*, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). The misdemeanor sentencing statute requires that the trial court consider the enhancement and mitigating factors when calculating the percentage of the sentence to be served "in actual confinement" prior to "consideration for work release, furlough, trusty status and related rehabilitative programs." Tenn. Code Ann. § 40-35-302(d) (Supp. 2001); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998).

The defendant in this case takes issue with the trial court's determination that the defendant must serve his entire sentence in jail, to be reduced only by sentencing credits earned and retained and suggests that the court failed to give proper consideration to the relevant statutory principles and considerations relative to sentencing. He also complains that the sentence as structured is not authorized by law.

We begin with an assessment of the adequacy of the lower court's reliance on and recitation of statutory principles and considerations of sentencing. The defendant points out that the lower court did not make detailed, specific findings. However, a sentencing court is not required to do so in a misdemeanor case. *State v. Russell*, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999). Moreover, the court stated on the record that it had considered the appropriate statutory matters in reaching its determination. The court specifically noted that due to the defendant's abysmal prior criminal record of alcohol-related offenses over a period of many years, "[h]e falls into almost everyone [sic] of those considerations for purposes of . . . incarceration versus release . . . ." On appeal, the defendant has not demonstrated error in the lower court's finding in this regard.

With respect to the portion of the sentence to be served in confinement, the defendant concedes that the record supports a sentence above the statutory minimum of 120 days confinement

for third offense DUI. *See* Tenn. Code Ann. § 55-10-403(a)(1) (Supp. 2001). We wholeheartedly agree. It bears repeating that even absent the egregious factual background regarding the defendant's prior criminal history, the defendant is not entitled to the presumption of entitlement to a minimum sentence. *Baker*, 966 S.W.2d at 434; *Creasy*, 885 S.W.2d at 832. Moreover, this is clearly a case in which the defendant has exhibited over a sustained period of time that he has no regard for the rules of the road *vis-a-vis* drunken driving, despite prior convictions and sentences for DUI.

We will now consider the defendant's somewhat abstruse argument that the sentence imposed is illegal. His brief devotes one short paragraph to this argument. In it, he says

> T.C.A. 41-21-236(f)(4) requires the Court to fix a percentage the misdemeanant shall serve before release and the maximum reduction for sentence credits to be applied to the percentage cannot exceed 25%. An order requiring service of the full 11 months 29 days reduced only by behavior credits is, therefore, a sentence not authorized by law.

We begin by noting that there is nothing *per se* illegal about a DUI sentence which mandates 100 percent confinement. *See Palmer*, 902 S.W.2d at 393-94. Moreover, the trial court's failure to express the length of confinement in a percentage basis is not fatal where the intended term of confinement is otherwise expressed in days, such as it is here. *See State v. Van Ray McCracken*, No. E2000-1762-CCA-R3-CD, slip op. at 7 (Tenn. Crim. App., Knoxville, July 19, 2001) (noting incongruity in sentencing statute's requirement that period of confinement be expressed in percentage terms, whereas DUI statute expresses mandatory minimum terms of confinement in numbers of hours or days). The lower court, in effect, ordered that the defendant serve 100 percent of his sentence in confinement, which term could be reduced by sentence reduction credits earned and retained. Under Code section 41-21-236(f)(4), the defendant may accelerate his release by as much as 25 percent of the entire sentence via utilization of such credits. We fail to fathom how this sentence runs afoul of the law.

Thus, we affirm the lower court's ruling that the defendant serve his entire sentence in jail confinement.

_____

JAMES CURWOOD WITT, JR., JUDGE
